IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT ERVIN,

    Petitioner,                        No. CIV S-10-2771 LKK CKD P

    vs.

GARY SWARTHOUT,

    Respondent.                     FINDINGS & RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises a due process challenge to the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing held on May 13, 2009. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be dismissed.

PROCEDURAL BACKGROUND

        In 1982, petitioner was convicted of second degree murder and assault with a deadly weapon in the Los Angeles County Superior Court. He is serving a state prison term of 19 years to life. (Dkt. No. 1 ("Ptn.") at 1.) At petitioner's parole consideration hearing on May 13, 2009, the Board found petitioner unsuitable for release and issued a five-year denial of

1

parole. (Dkt. No. 1-1 at 48-59.)

Petitioner filed two state habeas petitions challenging the Board's 2009 decision. He first filed a petition in the Los Angeles County Superior Court, which was denied in a reasoned decision on November 17, 2009. (Dkt. Nos. 11-3, 11-4, 11-5.) He then filed a petition in the California Supreme Court, which was summarily denied on August 11, 2010. (Dkt. Nos. 11-6, 11-7, 11-8.)

On October 13, 2010, petitioner commenced this action by filing the instant petition. Respondent filed an answer and petitioner filed a traverse.

ANALYSIS

I. Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment.[1] Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). See also Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, we analyze the last reasoned decision"). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). When it is clear that a state court has not reached the merits of a petitioner's claim the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

---

[1] Here, the last reasoned state court decision issued from the Los Angeles County Superior Court.

3

II. <u>Scope of Review Applicable to Due Process Challenges to the Denial of Parole</u>

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005). <u>See</u> also <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. <u>Jago v. Van Curen</u>, 454 U.S. 14, 17-21 (1981); <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. <u>Greenholtz</u>, 442 U.S. at 12. <u>See also</u> <u>Allen</u>, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. <u>Pirtle v. California Bd. of Prison Terms</u>, 611 F.3d 1015, 1020 (9th Cir. 2010); <u>McQuillion v. Duncan</u>, 306 F.3d 895, 902 (9th Cir. 2002); <u>see also</u> <u>Swarthout</u>,131 S. Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); <u>Pearson v. Muntz</u>, ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[<u>Swarthout v.</u>] <u>Cooke</u> did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. <u>In re Lawrence</u>, 44 Cal.4th 1181, 1205-06,

4

1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole – in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63. See also Pearson, 2011 WL 1238007 at *4.

III.  Petitioner's Claim

Petitioner seeks federal habeas relief on the grounds that the Board's 2009 decision to deny him parole, the findings upon which that denial was based, and the Los Angeles County Superior Court's decision to affirm the Board were not supported by "some evidence," as required under California law. However, after the Supreme Court's decision in Swarthout, it is clear that the question of whether the Board reasonably applied California's "some evidence" standard in a prisoner's parole hearing does not give rise to a claim for federal habeas relief. Swarthout, 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due

5

1  process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a
2  statement of reasons for a parole board's decision[.]"); <u>Roberts v. Hartley</u>, ___F.3d___, 2011 WL
3  1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in <u>Swarthout</u>, California's parole
4  scheme creates no substantive due process rights and any procedural due process requirement is
5  met as long as the state provides an inmate seeking parole with an opportunity to be heard and a
6  statement of the reasons why parole was denied); <u>Pearson</u>, 2011 WL 1238007, at *3 (9th Cir.
7  Apr. 5, 2011) ("While the Court did not define the minimum process required by the Due Process
8  Clause for denial parole under the California system, it made clear that the Clause's requirements
9  were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest
10 the evidence against them, were afforded access to their records in advance, and were notified as
11 to the reasons why parole was denied.'")

12           In this case, the record reflects that petitioner was represented by counsel at his
13 2009 parole suitability hearing.  The record also establishes that petitioner was heard at the
14 hearing and received a statement of the reasons why the Board panel decided to deny him parole.
15 Ptn.; Dkt. No. 1-1.  Petitioner thus received all the process due him under the Constitution.
16 <u>Swarthout</u>, 131 S. Ct. 862; <u>see also</u> <u>Miller</u>, 2011 WL 1533512, at *5; <u>Roberts</u>, 2011 WL 1365811,
17 at *3; <u>Pearson</u>, 2011 WL 1238007, at *3.  His petition must be dismissed.

18           Accordingly, IT IS HEREBY RECOMMENDED that:
19           1. The petition for writ of habeas corpus (Dkt. No. 1) be dismissed; and
20           2. This case be closed.
21           These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
23 one days after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26 shall be served and filed within fourteen days after service of the objections.  Failure to file

...

1. objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

Dated: April 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
ervi2771.parole