1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    LAMONT ERVIN,

11              Petitioner,                  No. CIV S-10-2771 LKK CKD P

12        vs.

13    GARY SWARTHOUT,

14              Respondent.                  FINDINGS & RECOMMENDATIONS

15    _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  Petitioner raises a due process challenge to the decision of

18    the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole

19    consideration hearing held on May 13, 2009.  Upon careful consideration of the record and the

20    applicable law, the undersigned will recommend that petitioner's application for habeas corpus

21    relief be dismissed.

22                       PROCEDURAL BACKGROUND

23          In 1982, petitioner was convicted of second degree murder and assault with a

24    deadly weapon in the Los Angeles County Superior Court.  He is serving a state prison term of

25    19 years to life.  (Dkt. No. 1 ("Ptn.") at 1.)  At petitioner's parole consideration hearing on May

26    13, 2009, the Board found petitioner unsuitable for release and issued a five-year denial of

1

1  parole.  (Dkt. No. 1-1 at 48-59.)

2         Petitioner filed two state habeas petitions challenging the Board's 2009 decision.

3  He first filed a petition in the Los Angeles County Superior Court, which was denied in a

4  reasoned decision on November 17, 2009.  (Dkt. Nos. 11-3, 11-4, 11-5.)  He then filed a petition

5  in the California Supreme Court, which was summarily denied on August 11, 2010.  (Dkt. Nos.

6  11-6, 11-7, 11-8.)

7         On October 13, 2010, petitioner commenced this action by filing the instant

8  petition.  Respondent filed an answer and petitioner filed a traverse.

9                                    ANALYSIS

10  I.  Standards of Review Applicable to Habeas Corpus Claims

11         A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

12  some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860,

13  861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v.

14  Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the

15  interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);

16  Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas

17  corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

18  (1972).

19         This action is governed by the Antiterrorism and Effective Death Penalty Act of

20  1996 ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d

21  1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

22  habeas corpus relief:

23

24         An application for a writ of habeas corpus on behalf of a
           person in custody pursuant to the judgment of a State court shall
           not be granted with respect to any claim that was adjudicated on

25         the merits in State court proceedings unless the adjudication of the
           claim -

26

                                        2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment.[1] Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). See also Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, we analyze the last reasoned decision"). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). When it is clear that a state court has not reached the merits of a petitioner's claim the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

---

[1] Here, the last reasoned state court decision issued from the Los Angeles County Superior Court.

3

1  II.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

2          The Due Process Clause of the Fourteenth Amendment prohibits state action that

3  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

4  due process violation must first demonstrate that he was deprived of a liberty or property interest

5  protected by the Due Process Clause and then show that the procedures attendant upon the

6  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

7  490 U.S. 454, 459-60 (1989).

8          A protected liberty interest may arise from either the Due Process Clause of the

9  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

10  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

11  221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

12  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

13  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

14  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

15  person to be conditionally released before the expiration of a valid sentence.").  However, a

16  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

17  will be granted" when or unless certain designated findings are made, and thereby gives rise to a

18  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

19          California's parole scheme gives rise to a liberty interest in parole protected by the

20  federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

21  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout,131 S.

22  Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of

23  Supreme Court authority); Pearson v. Muntz, ___F.3d___, 2011 WL 1238007, at *4 (9th Cir.

24  Apr. 5, 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a

25  liberty interest in parole.")  In California, a prisoner is entitled to release on parole unless there is

26  "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06,

1   1210 (2008); <u>In re Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002).

2          In <u>Swarthout</u>, the Supreme Court reviewed two cases in which California

3   prisoners were denied parole – in one case by the Board, and in the other by the Governor after

4   the Board had granted parole.  <u>Swarthout</u>, 131 S. Ct. at 860-61.  The Supreme Court noted that

5   when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

6   requires fair procedures, "and federal courts will review the application of those constitutionally

7   required procedures." <u>Id.</u> at 862.  The Court concluded that in the parole context, however, "the

8   procedures required are minimal" and that the "Constitution does not require more" than "an

9   opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

10  <u>Id.</u> (citing <u>Greenholtz</u>, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

11  decisions that went beyond these minimal procedural requirements and "reviewed the state

12  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

13  light of the evidence." <u>Swarthout</u>, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

14  the application of the "some evidence" standard to parole decisions by the California courts as a

15  component of the federal due process standard.  <u>Id.</u> at 862-63.  <u>See</u> also <u>Pearson</u>, 2011 WL

16  1238007 at *4.

17  III.  <u>Petitioner's Claim</u>

18          Petitioner seeks federal habeas relief on the grounds that the Board's 2009

19  decision to deny him parole, the findings upon which that denial was based, and the Los Angeles

20  County Superior Court's decision to affirm the Board were not supported by "some evidence," as

21  required under California law.  However, after the Supreme Court's decision in <u>Swarthout</u>, it is

22  clear that the question of whether the Board reasonably applied California's "some evidence"

23  standard in a prisoner's parole hearing does not give rise to a claim for federal habeas relief.

24  <u>Swarthout</u>, 131 S. Ct. at 862-63; <u>see</u> also <u>Miller v. Oregon Bd. of Parole and Post-Prison</u>

25  <u>Supervision</u>, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme

26  Court held in [<u>Swarthout v.] Cooke</u> that in the context of parole eligibility decisions the due

1   process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a

2   statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, ___F.3d___, 2011 WL

3   1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in Swarthout, California's parole

4   scheme creates no substantive due process rights and any procedural due process requirement is

5   met as long as the state provides an inmate seeking parole with an opportunity to be heard and a

6   statement of the reasons why parole was denied); Pearson, 2011 WL 1238007, at *3 (9th Cir.

7   Apr. 5, 2011) ("While the Court did not define the minimum process required by the Due Process

8   Clause for denial parole under the California system, it made clear that the Clause's requirements

9   were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest

10  the evidence against them, were afforded access to their records in advance, and were notified as

11  to the reasons why parole was denied.'")

12          In this case, the record reflects that petitioner was represented by counsel at his

13  2009 parole suitability hearing.  The record also establishes that petitioner was heard at the

14  hearing and received a statement of the reasons why the Board panel decided to deny him parole.

15  Ptn.; Dkt. No. 1-1.  Petitioner thus received all the process due him under the Constitution.

16  Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts,2011 WL 1365811,

17  at *3; Pearson, 2011 WL 1238007, at *3.  His petition must be dismissed.

18          Accordingly, IT IS HEREBY RECOMMENDED that:

19          1. The petition for writ of habeas corpus (Dkt. No. 1) be dismissed; and

20          2. This case be closed.

21          These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

23  one days after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26  shall be served and filed within fourteen days after service of the objections.  Failure to file

1   objections within the specified time may waive the right to appeal the District Court's order.

2   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

3   1991).

4          In any objections he elects to file, petitioner may address whether a certificate of

5   appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

6   11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

7   certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

8   Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

9   appealability to review the denial of a habeas petition challenging an administrative decision

10  such as the denial of parole by the parole board).

11   Dated: April 2, 2012

12

13                                        CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE
14

15  2
16  ervi2771.parole

17

18

19

20

21

22

23

24

25

26